UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| DAVID AND PATRICIA STEWART, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-6455 |
| AUGUILLARD CONSTRUCTION COMPANY, INC, ET AL. | SECTION: "S" (3) |

## ORDER

**IT IS HEREBY ORDERED** that the Motion to Remand filed by plaintiffs, David and Patricia Stewart, as guardians and conservators of Breana Faith Stewart and of Celena Sprinkle, and Tracey Stewart (Doc. #10) is **DENIED.**

## BACKGROUND

This matter comes before the court on a motion to remand filed by plaintiffs, David and Patricia Stewart, as guardians and conservators of Breana Faith Stewart and of Celena Sprinkle, and Tracey Stewart. Plaintiffs contend that this matter was not properly removed under either the general removal statute, 28 U.S.C. §1441, or the federal officer removal statute, 28 U.S.C. §1442(a)(1).

On August 24, 2009, plaintiffs, who are all citizens of Alabama, filed this action in the Civil District Court for the Parish of Orleans State of Louisiana against Auguillard Construction

Company, Inc. ("Auguillard"), a citizen of Louisiana, and Worley's Tree Services, Inc. ("Worley's"), a citizen of Missouri. The plaintiffs allege that, on July 11, 2007, Breana Faith Stewart, Celena Sprinkle, and Tracey Stewart were involved in a motor vehicle accident with Joe Johnson ("Johnson") in Bay Minette, Alabama.[1] (Doc. #1). The plaintiffs allege that Johnson, under the influence of alcohol and cocaine, ran a red light and struck their vehicle causing permanent paralysis to Breana Faith Stewart, brain injuries, including retrograde amnesia, to Celena Sprinkle, and bruises and abrasions to Tracey Stewart. Id. Further, at the time of the accident, Johnson did not have a valid driver's license because his was suspended since 2004. Id.

The plaintiffs allege that at the time of the accident, Johnson was acting in the course and scope of his employment with Colonel McCrary Trucking ("Colonel McCrary"). Id. Specifically, Johnson was driving a company truck, with his supervisor's permission, to Bay Minette, Alabama to pay a traffic fine with money that his supervisor gave to him. Id. Johnson was also instructed to return to the job site in New Orleans, Louisiana that same day to drive his crew home. Id.

At the time of the accident, Johnson was a supervisor of a Colonel McCrary crew working on a United States Army Corps of Engineers (the "Corps") project to remove Hurricane Katrina debris from private property in Jefferson Parish, Louisiana. Id. Auguillard was the main contractor. Id. Auguillard contracted with Young's General Contracting ("Young's"), who in turn hired the president of Worley's, Allen Worley, to act as the project manager. Id. Young's also subcontracted with Category 5 Management Group, LLC ("Category 5"). Id. Category 5 subcontracted with Colonel McCrary. Id.

---

[1] Johnson is not a defendant in this lawsuit.

Auguillard's contract with the Corps provided that truck drivers must be properly licensed. Id. The contract also provided that Auguillard was responsible for ensuring that only properly licensed individuals operated motor vehicles and that it met all local, state, and federal requirements for licensed personnel to perform the work. Id. Further, the contract provided that Auguillard was responsible for the safety of the personnel and equipment and compliance with the Corps' safety regulations. Id. The plaintiffs allege that Auguillard and Worley's did not properly perform their supervision duties and were negligent for failing to check Johnson's driver's license and failing to conduct a drug screen on him. Id. The plaintiffs also claim that Auguillard and Worley's were negligent in hiring, training, and supervising Johnson. Id. Finally, the plaintiffs allege that Auguillard and Worley's were negligent in trusting Johnson with operating a motor vehicle. Id.

Worley's was served under the Louisiana Long-Arm statute by sending the citation and petition via certified mail, return receipt requested, to its registered agent in Missouri on September 11, 2009. (Doc. #10). Worley's removed the action to the Eastern District of Louisiana on September 22, 2009, asserting that removal is proper under the general removal statute, 28 U.S.C. §1441, and the federal officer removal statute, 28 U.S.C. §1442(a)(1). Worley's also asserted that this court has federal question jurisdiction pursuant to 28 U.S.C. §1331, and diversity jurisdiction pursuant to 28 U.S.C. §1332. (Doc. #1). Specifically, Worley's claims that there is complete diversity, because it is a citizen of Missouri, Auguillard, the forum defendant, is a citizen of Louisiana, and the plaintiffs are citizens of Alabama, and that there is more that $75,000 in controversy. Id. Further, Worley's claims that it has a colorable federal defense, i.e. the "government contractor defense," because the Corps is responsible for Hurricane Katrina debris removal and all

of its actions were performed at the direction of and under the supervision of the Corps. Id. Worley's asserts that there is a causal nexus between the plaintiffs' claims and the extent to which the plaintiffs' alleged damages were brought about by officers of the United States government in compliance with federal law. Id. Auguillard had not been served at the time of removal. (Doc. #10). Auguillard was served on November 4, 2009 and has filed a consent to removal and two memoranda in opposition to the plaintiffs' motion to remand. (Docs. #28, 29, 32).

## LAW AND ANALYSIS

**1.      Legal Standard**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 114 S.Ct. 192 (1993).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

**2.      Removal Under Section 1441**

Section 1441(a) provides that any civil action brought in a state court, over which the federal court has original jurisdiction, may be removed by the defendant to the federal district court for the district and division embracing the place where the action is pending. Here, this court has diversity subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and there is more than $75,000.00 in controversy. The plaintiffs are citizens of Alabama, Worley's is Missouri corporation with its principal place of business in Missouri, and Auguillard is a Louisiana corporation with its principal place of business in Louisiana. Thus, there is complete diversity among the parties. Further, due to the nature of the plaintiffs' alleged injuries and their claims for severe emotional distress, pain and suffering, loss of enjoyment of life, permanent disability, lost wages, and past and future medical bills, the amount in controversy is clearly more than $75,000.00.

However, the forum defendant rule of section 1441(b) provides that when the federal court's original jurisdiction is based on diversity of citizenship, the civil action is "removable only if none of the parties in interest properly joined and *served* as defendants is a citizen in which such action is brought." 28 U.S.C. § 1441(b) (2009) (emphasis added). The forum defendant rule exists because removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court, but those concerns are absent in cases where the defendant is a citizen of the state in which the case is brought. Lively v. Wild Oats, 456 F.3d 933, 940 (9th Cir. 2006). The purpose of the "joined and served" requirement is to prevent a plaintiff from stopping removal by joining a resident defendant against whom it does not intend to proceed, and whom it does not serve.

Stan Winston Creatures v. Toys "R" Us, Inc., 314 F.Supp.2d 177, 181 (S.D.N.Y. 2003). There is no question that Auguillard is a properly joined defendant. Also, it is undisputed that Auguillard was not served at the time or removal.

The plaintiffs assert that they made a good faith effort to serve Auguillard, but for reasons beyond their control, they were unable to do so for some time. They argue that Worley's prematurely removed the action, that Worley's should not be able to take advantage of the delay in serving Auguillard and that the case should be remanded pursuant to the forum defendant rule. Worley's, on the other hand, argues that its removal was not premature. Also, Auguillard argues that the removal statute should be strictly construed to allow removal when there is complete diversity and the forum defendant has not been served.

Section 1441(b) is a procedural requirement that relates to the removability of an action, not the issue of whether diversity exists. See In re: 1994 Exxon Chem. Fire, 558 F.3d 378, 392-94 (5th Cir. 2009); see also Ott v. Consol. Freightways Corp., 213 F.Supp.2d 662, 665 (S.D. Miss. 2002). Following the plain language of section 1441(b), courts have virtually uniformly held that, where complete diversity exists between the parties, the presence of an unserved resident defendant does not prevent removal. Ott, 213 F.Supp.2d at 665 (citing McCall v. Scott, 239 F.3d 808, 813 n. 2 (6th Cir. 2001)); see also Windac Corp. v. Clarke, 530 F.Supp. 812, 813 (D. Neb. 1982); Stan Winston Creatures, 314 F.Supp.2d at 181. Further, the 1948 amendment to section 1441(b) inserted the language "and served," "which implies that a diverse, but resident defendant who has not been served may be ignored in determining removability." 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 3723

(4th ed. 2009); see also Republic W. Ins. Co. v. Int'l Ins. Co., 765 F.Supp. 628, 629 (N.D. Cal. 1991). This reading furthers the purpose of the "joined and served" requirement, which is to prevent a plaintiff from stopping removal by joining a resident defendant against whom it does not intend to proceed, and whom it does not serve. Stan Winston Creatures, 314 F.Supp.2d at 181.

The cases cited by the plaintiffs do not change the analysis. Lively v. Wild Oats Mkts., Inc., 456 F.3d 933 (9th Cir. 2006), does not discuss the "joined and served" requirement, but rather holds that section 1441(b) is a procedural requirement and violation of the rule constitutes a waivable, non-jurisdictional defect.[2] In Pullman Co. v. Jenkins, 59 S.Ct. 347 (1939), Alphonse v. Omni Hotels Mgmt. Corp., 757 F.Supp. 722 (E.D. La. 1991), and Pecherski v. Gen. Motors Corp., 636 F.2d 1156 (8th Cir. 1981), diversity of citizenship between the parties was not established. Further, Ethington v. Gen. Elec. Co., 575 F.Supp.2d 855 (N.D. Ohio 2008), and DeAngelo-Shuayto v. Organon USA, Inc., 2007 WL 4365311 (D.N.J. 12/12/2007), both involved situations where the forum defendant attempted to remove the case before it was served. Finally, Oxendine v. Merck and Co., Inc., 236 F.Supp.2d 517, is distinguishable, because it relies upon Pullman and Percherski, cases in which complete diversity of citizenship between the parties was not established, in finding that removal was improper.

The propriety of removal is evaluated at the time the removal petition is filed. See Texas Beef Group v. Winfrey, 201 F.3d 680, 685 (5th Cir. 2000). At the time of removal, there was complete diversity between the parties, and Worley's, the non-resident defendant, had been served,

---

[2] The Fifth Circuit has also held that section 1441(b) is a procedural requirement. See In re: 1994 Exxon Chem. Fire, 558 F.3d at 392-94.

7

but Auguillard, the resident defendant, had not. Pursuant to section 1441(b), removal is proper, when there is complete diversity between the parties and the resident defendant has not been served. Thus, removal in this case was proper. Further, even if the form defendant is served after the case is removed, no party would have a valid objection to the removal based on his residence.[3] 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 3723 (4th ed. 2009).

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Motion to Remand filed by plaintiffs, David and Patricia Stewart, as guardians and conservators of Breana Faith Stewart and of Celena Sprinkle, and Tracey Stewart (Doc. #10) is **DENIED**.

New Orleans, Louisiana, this __18th__ day of December, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[3] Because this court has diversity jurisdiction over this action and it was properly removed, the court does not need to consider whether removal was proper under 28 U.S.C. § 1442(a)(1).